UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:04-cr-563-T-23MAP
    8:12-cv-2343-T-23MAP

VIARQUEZ BORDEN
_____/

**O R D E R**

    Borden's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for both conspiracy to possess and possession with the intent to distribute five kilograms or more of cocaine while on board a vessel. Borden pleaded guilty without a plea agreement and was sentenced to 135 months. The circuit court affirmed (Doc. 230) both the conviction and the sentence.

    Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978)

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Borden's motion to vacate is untimely.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Because his conviction was final in 2007, Borden's limitation expired a year later in 2008. Borden filed his petition five years later in 2012.

Recognizing that his petition is untimely, Borden seeks entitlement to a delayed start of the limitation under Section 2255(f)(3), which starts the one-year limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Borden claims entitlement to *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010), which holds "that counsel must inform her client whether his plea carries a risk of deportation." Borden alleges that his counsel rendered ineffective assistance by not explaining the potential immigration consequences of his conviction.

Generally, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate

that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). Consequently, Borden's claim depends on *Padilla*'s retroactive application, which was rejected in *Figuereo-Sanchez*, 678 F.3d 1203, 1209 (11th Cir. 2012) ("[W]e conclude that *Padilla* did not announce a watershed rule of criminal procedure. As a result, Mr. Figuereo–Sanchez's petition for federal habeas corpus is untimely under § 2255."), *pet. for cert. filed*, No. 12-164 (July 27, 2012). Consequently, Borden's Section 2255 motion to vacate is time-barred.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Borden and close this case.

### CERTIFICATE OF APPEALABILITY
### AND
### LEAVE TO APPEAL IN FORMA PAUPERIS

Borden is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Borden must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Borden

cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Borden is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Borden must pay the full $455 appellate filing fee without installments unless the circuit court allows Borden to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on October 31, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE